CAROL A. SOBEL, State Bar No. 84483
LAW OFFICE OF CAROL A. SOBEL
429 Santa Monica Boulevard, Suite 550
Santa Monica, California 90401
T. (310) 393-3055; F. (310) 393-3605
E. carolsobel@aol.com

REBECCA F. THORNTON, State Bar No. 231128
LAW OFFICE OF REBECCA F. THORNTON
429 Santa Monica Boulevard, Suite 550
Santa Monica, California 90401
T. (310) 393-3055  F. (310) 393-3605
E. rebecca@humanrightsesq.com

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

CV09-05773 VBK

| | |
|---|---|
| GREG K. MAYFIELD, an individual, | CASE NO: |
| Plaintiff, | COMPLAINT |
| v. | 42 U.S.C. § 1983 |
| CITY OF LONG BEACH, a municipal entity; SERGEANT BECKMAN, OFFICER BOOKOUT, OFFICER J. JACOBS, OFFICER PARCELLS, DOES 1-10, all in their individual capacities, | Fourth Amendment |
| | Jury Demand |
| Defendants. | |

**JURISDICTION AND VENUE**

1. This action seeks damages for a violation of plaintiff's right to be free from unlawful seizure and excessive force pursuant to 42 U.S.C. §1983 and the Fourth Amendment..

2. Venue is proper in the Central District as this case involves allegations of civil rights violations, which occurred within the geographic jurisdiction of the Court.

**INTRODUCTION**

3. This case arises from an incident on the evening of January 6, 2008, in the City of Long

1

1  Beach and involving officers with the Long Beach Police Department. On that night, plaintiff was
2  was with a friend outside the V2O club in downtown Long Beach when several officers with the Long
3  Beach Police Department detained him, falsely accused him of littering by tossing a cigarette butt in
4  the direction of the officers, then handcuffed him and used excessive and unreasonable force against
5  him even though he did not resist the officers wrongful actions. As the officers assaulted plaintiff, they
6  twisted his arm sharply and threw him to the ground, causing injury to both his arm and his face. The
7  officers also slammed Mr. Mayfield's head on the patrol car and punched him in the face, splitting his
8  lip, after he was handcuffed, when the use of any force was clearly both unnecessary and patently
9  unlawful. At the end of this unlawful assault, Mr. Mayfield was bleeding profusely. Even after he was
10 placed in a cell at the police station, officers again assaulted him, causing him further injury. As a
11 result of the acts of the officers, Mr. Mayfield suffered injury to his back, nerve damage to his arm, a
12 split lip, contusions to his face and pain in his jaw. Mr. Mayfield has required medical treatment for
13 his injuries.

14     4.   Plaintiff was arrested and charged with one count of resisting arrest/obstructing a public
15 law enforcement officer (Penal Code §148(A)(1); one count of public intoxication (Penal Code
16 §647(F); and one count of littering (Long Beach Municipal Code §8.60.111. In November 2008, all
17 charges against plaintiff were dismissed.

**PARTIES**

19     5.   Plaintiff GREG K. MAYFIELD is a resident of the City and County of Los Angeles.
20 He was arrested by the individual defendants and subjected to unreasonable and excessive force.

21     6.   Defendant City of Long Beach ("CITY") is a municipal entity, organized under the laws
22 of the State of California with the capacity to sue and be sued. The City is the legal and political entity
23 responsible for the actions of the Long Beach Police Department ("LBPD"), which is a City
24 department, and the officers and employees of the LBPD. The City is sued in its own right and on the
25 basis of the acts of its officers, employees, and agents, which were taken pursuant to the policy, practice
26 and customs of the City.

27     7.   Defendant SERGEANT BECKMAN was the supervisor from the Long Beach Police

2

Department present at the events giving rise to this action. He is responsible for directing the arrest of plaintiff and for failing to intervene to prevent the use of unreasonable force in the course of that arrest. BECKMAN is sued in his individual capacity.

8. Defendant OFFICER BOOKOUT was one of the LBPD officers present on site and involved in the actions against plaintiff. He participated in the arrest of plaintiff, and/or failed to prevent the use of force against plaintiff and the violation of his constitutional, statutory and common law rights to be free from unreasonable seizure and excessive force. He is sued in his individual capacity.

9. Defendant OFFICER JACOBS was one of the LBPD officers present on site and involved in the actions against plaintiff. He participated in the arrest of plaintiff, and/or failed to prevent the use of force against plaintiff and the violation of his constitutional, statutory and common law rights to be free from unreasonable seizure and excessive force. He is sued in his individual capacity.

10. Defendant OFFICER PARCELLS was one of the LBPD officers present on site and involved in the actions against plaintiff. He participated in the arrest of plaintiff, and/or failed to prevent the use of force against plaintiff and the violation of his constitutional, statutory and common law rights to be free from unreasonable seizure and excessive force. He is sued in his individual capacity.

11. Defendant DOES 1-10 are all officers and/or supervisors with the Defendant CITY. Plaintiff is presently unaware of the true names and capacities of the defendants sued as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend the complaint and allege the true names and capacities of the DOE defendants once their true identifies are known. Plaintiff alleges that each of the defendants named as a DOE was in some manner responsible for the alleged unlawful acts and omissions. Each of the defendants, including each of the DOE defendants, was acting in concert with the other defendants and was acting under color of state law. None of the defendants, including

the DOE defendants, took steps to prevent the violation of plaintiff's civil rights in this instance. Each of the defendants, including each of the DOE defendants, was acting pursuant to the policy, practice, or custom of the CITY.

## STATEMENT OF FACTS

12. Plaintiff GREG MAYFIELD is a 23-year-old black male. At the time of the events of January 6, 2008, he had traveled on the rail system from Los Angeles to Long Beach to attend a performance by a friend at a local nightclub. Because he did not have his identification with him and, therefore, could not prove that he was over the age of 21, Mayfield was not admitted at the door because alcohol was served on the premises. He then attempted to find his friend who was performing and see if he could help him with admittance.

13. At no time did plaintiff enter the business establishment. At no time did he consume any alcohol inside or outside of the nightclub.

14. Plaintiff was approached by at least two of the defendants. One of the officers physically bumped plaintiff and, when plaintiff asked why the officer did that to him, he was told to "shut the fuck up." When plaintiff protested the officer's conduct, he was forcibly restrained. During the course of that contact, plaintiff was falsely accused of drinking in public, being intoxicated from drinking inside the nightclub, having been ejected from the nightclub for drinking and tossing a cigarette butt he had purportedly been smoking at the officers.

15. Plaintiff was never in the business establishment, was never ejected from it, was not drinking outside of it, and does not smoke.

16. Among other use of force, plaintiff was grabbed, handcuffed, slammed on the hood of the patrol car after being handcuffed, punched him in the face while he was handcuffed, and then beat him after he was placed in a cell at the police station. At no time did he resist the officers.

17. Plaintiff was arrested and taken to the police station. He was charged with

4

several criminal violations, including charges of resisting arrest, being drunk in public and littering. He was held in custody for a approximately two (2) days.

18. All criminal charges against plaintiff were dismissed on or about November 7, 2008.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983 - FOURTH AMENDMENT
### Unlawful Search and Seizure
### (Against All Defendants)

19. Plaintiff incorporates and realleges, as though fully set forth hereat, the allegations of paragraphs 1 through 18.

20. The acts by Defendants constitute an unreasonable seizure and violate the constitutional right of plaintiff, as guaranteed by the Fourth Amendment to the Constitution, to be free from seizure without probable cause and/or with excessive force. The acts of Defendants complained of herein were directed toward depriving the plaintiff his right to be secure in his person and to be free from false imprisonment and malicious prosecution.

21. Defendants' unlawful actions were done willfully, maliciously, and with the specific intent to deprive Plaintiff of his constitutional right to be secure in his person.

22. As a direct and proximate consequence of Defendants' actions, Plaintiff has suffered, and continues to suffer, a loss of his constitutional rights, physical injury and pain and suffering, and is entitled to compensatory damages for injury to his person and, as to the individual defendants, punitive damages.

## SECOND CAUSE OF ACTION
## ASSAULT AND BATTERY
### (Against the Individual Defendants)

23. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 18, inclusive.

24. The actions of Defendants in grabbing Plaintiff, throwing him to the ground and handcuffing Plaintiff, then slamming his head against the patrol car, all without lawful justification, constituted assault and battery as Plaintiff did not consent to the touching of his person by Defendants.

25. Defendants' unlawful actions were done willfully, maliciously, and with the specific intent to touch plaintiff without his consent and cause him harm.

26. As a direct and proximate consequence of Defendants' actions, Plaintiff has suffered, and continues to suffer, physical injury and pain and suffering, and is entitled to compensatory damages for injury to his person as well as punitive damages as permitted by law.

## MONELL CLAIM

27. Plaintiff realleges and incorporates herein by reference the allegations contained n Paragraphs 1 through 26, inclusive.

28. The acts done to plaintiff were the result of a policy, practice or custom in the City of Long Beach, acting through its officers and agents in the Long Beach Police Department, to use unnecessary and unlawful force to effectuate arrests on allegedly non-violent crimes where the suspect is unarmed and poses no physical threat to the officers.

29. The defendant City of Long Beach has ratified, directed and/or condoned this policy, practice or custom by one or more of the following actions: failing to train its officers on lawful police procedures, failing to investigate and/or discipline officers who engage in systematic unlawful police procedures of the nature raised by this Complaint, tolerating a code of silence that permits officers to engage in such conduct with impunity.

WHEREFORE, Plaintiff prays for relief as follows:

1. For damages for Plaintiff, including punitive damages as permitted by

law;

2. For costs of suit pursuant to 42 U.S.C. §1920 and §1988;

3. For attorney's fees pursuant to 42 U.S.C. §1988;

4. For such other relief as this Court deems just and proper.

DATED: August 6, 2009                    Respectfully submitted,

                                          LAW OFFICE OF CAROL A. SOBEL
                                          LAW OFFICE OF REBECCA F. THORNTON

                                          *[signature]*
                                          By: CAROL A. SOBEL
                                          Attorney for Plaintiffs

## REQUEST FOR JURY

Plaintiff hereby makes his request for a jury trial in this matter.

Dated: August 6, 2009                    Respectfully submitted,

                                          LAW OFFICE OF CAROL A. SOBEL
                                          LAW OFFICE OF REBECCA F. THORNTON

                                          *[signature]*
                                          By: CAROL A. SOBEL
                                          Attorney for Plaintiffs

Name & Address:
CAROL A. SOBEL   SBN 84483
429 Santa Monica Blvd., Ste. 550
Santa Monica, CA  90401
t. 310 393-3055   f. 310 393-3605
Plaintiffs for Attorney

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG K. MAYFIELD, an individual,<br><br>PLAINTIFF(S)<br>v.<br><br>CITY OF LONG BEACH, a municipal entity; SERGEANT BECKMAN, OFFICER BOOKOUT, OFFICER J. JACOBS, OFFICER PARCELLS, DOES 1-10, all in their individual capacities, DEFENDANT(S). | CASE NUMBER<br><br>**CV09-05773** VBK<br><br>**SUMMONS** |

TO:     DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __CAROL A. SOBEL_____, whose address is  __429 Santa Monica Blvd., Ste. 550, Santa Monica, CA 90401_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __August 6, 2009__       By: _____
                                      Deputy Clerk
                                    (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    **SUMMONS**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Greg K. Mayfield

**DEFENDANTS**
City of Long Beach, Sergeant Beckman, Officer Bookout, Officer J. Jacobs, Officer Parcells, Does 1-10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Law Office of Carol A. Sobel
429 Santa Monica Blvd., Ste. 550
Santa Monica, CA 90401    t. 310 393-3055  f. 310 393-3605

**Attorneys (If Known)**
Robert Shannon
City Attorney
333 West Ocean Blvd., 11th fl
Long Beach, CA 90802

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ to be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | | ☐ 220 Foreclosure | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| | | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | ☒ 440 Other Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                        CIVIL COVER SHEET                        Page 1 of 2

CV09-05772

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
 **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Carol A. Sobel_   Date August 6, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |