CAROL A. SOBEL SBN 84483
LAW OFFICE OF CAROL A. SOBEL
429 Santa Monica Boulevard, Ste. 550
Santa Monica, California 90401
t. 310 393-3055   f. 310 393-3605
e. carolsobel@aol.com

REBECCA F. THORNTON
LAW OFFICE OF REBECCA F. THORNTON
429 Santa Monica Boulevard, Ste. 550
Santa Monica, California 90401
t. 310 393-3055   f. 310 393-3605
e. rebecca@humanrightsesq.com

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - Western Division

| | |
|---|---|
| GREG MAYFIELD, | Case No: 09 cv 05773 VBK |
| Plaintiff, | OPPOSITION TO DEFENDANTS' TRIAL BRIEF RE WITNESSES AND EXHIBITS |
| v. | |
| CITY OF LONG BEACH, et al., | Date: May 5, 2011 |
| Defendants. | Time: 10:00 a.m. |
| | Ctrm: Roybal  (Hon. Victor B. Kenton) |
| | Trial: May 17, 2011 |

I.   **INTRODUCTION AND STATEMENT OF FACTS**

Without citation to any documents or deposition testimony, Defendants' trial brief re witnesses and evidence sets out a version of the facts in this case that is contradicted not only by plaintiff's facts, but by the police reports prepared at the time of this incident. Those erroneous facts form the basis for their argument that certain witnesses should not be excluded for failure to comply with discovery rules or because the documents are inadmissible under any theory.

II.  **DEFENDANTS' WITNESSES AND EVIDENCE ARE NOT EXEMPTED FROM DISCLOSURE AS IMPEACHMENT**

**A. Defendants Witnesses Are Not Impeachment Witnesses**

Unable to satisfy the requirements of Rule 26 otherwise because they "inadvertently" forgot to comply with its requirements, Defendants now argue that all of the witnesses and exhibits to which Plaintiff objects are exempt as impeachment. This argument fails because 1) none of the witnesses or exhibits at issue are impeachment evidence in whole or in part; and 2) the basis for excluding this evidence is that the witnesses and particularly the documents are not admissible as they fail the most basic foundational requirements or deprive Plaintiff of the right to confront the witness who is testifying by way of the document.

Rule 26(a)(1)(A) imposes an obligation to "provide to all parties the name and, if known, the address and telephone number of each individuals likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to supports its claims or defense unless the use would be solely for impeachment." F.R.Civ.P. 26(a)(1)(A)(I). No exemption listed in Rule 26(a)(1)(B) excuses Defendants' failure to meet initial disclosure requirements.

Rule (26(B)(3)(e) imposes an ongoing requirement to supplement all discovery disclosures and responses. On each count, defendants have failed to follow the rules to the detriment of Plaintiff, who was provided notice only after discovery closed of

Defendants' intention to call a security guard to testify at trial.

Defendants concede that they never made any disclosures as required by Rule 26, not initially and not at any time during the course of this litigation.[1] Defendants now attempt to excuse their failure to comply with their Rule 26 obligations to make timely disclosures of witnesses by arguing that the intended trial testimony of several witnesses is exempt from disclosure because the witnesses will testify for impeachment purposes. This argument has been repeatedly rejected where, as here, the witness is clearly not solely – if at all – an impeachment witness.

### 1. Ralph Cisneros

Assuming for the sake of argument Cisneros' testimony has some aspect of impeachment, where "evidence is both impeaching and substantive, [it] should be disclosed." *Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998).

> If a party plans to testify to one version of the facts, and the opponent has evidence supporting a different version of the facts, the opponent's evidence will tend to impeach the party by contradiction, but if discovery of this kind of evidence is not permitted the discovery rules might as well be repealed. ... [S]ubstantive evidence must be subject to discovery even though it also tends to contradict evidence of the discovering party.

---

[1] At the pre-trial conference held on April 6, 2011, Deputy City Attorney Russell informed the Court that one witness, Rafael Cisneros, a former security guard at the club in the incident in this action, was being called to "corroborate" the officers' testimony. When Plaintiff's counsel advised the Court that Mr. Russell had said weeks earlier that he would provide contact information for Mr. Cisneros and agreed to allow Plaintiff to take Cisneros' deposition after the cut-off date, Mr. Russell responded that he had not provided this information and, in fact, had been unable to contact Mr. Cisneros. In its trial brief, the City now states that Mr. Cisneros can be reached through his mother and provides her telephone number.

8 Wright and Miller, *Federal Practice and Procedure* (3d ed.), §2015 at 212 (footnote omitted). "[S]ubstantive evidence [is] 'that which is offered to establish the truth of a matter to be determined by the trier of fact.'" *Klonoski*, 156 F.3d at 270 (internal citation omitted).  Evidence may be both substantive and impeaching: i.e., "separate and apart from whether they contradict[ a party's] testimony," the evidence goes to the truth of a matter to be decided by the trier of fact.  *Id.*  If the evidence, whether testimonial or documentary, is both substantive and impeaching, it is not exempt from Rule 26 disclosure mandates as "evidence introduced 'solely for impeachment purposes.' of *Fed.R.Civ.P. 26(a)(3).*"  *Id.*

The key question is whether the witness should have been disclosed previously, including providing his current contact information, as is expressly required by Rule 26.  Whether his testimony might have been admissible if he were timely and properly disclosed is not the issue.  'The rules of evidence do not trump the discovery rules contained in the Federal Rules of Civil Procedure.  The purpose of the discovery rules is to provide for the 'fullest possible' pretrial disclosure of admissible evidence, to 'reduce the possibility of surprise,' [citation], and to ensure 'a fair contest,' [citation]." *Klonoski*, 156 F.3d at 271.

"[A]bsent some unusual extenuating circumstances not present here the appropriate sanction when a party fails to provide certain evidence to the opposing party as required by the discovery rules is preclusion of that evidence from the trial." *Id*.  "Strict sanctions are necessary 'to deter those who might be tempted to engage in such conduct in the absence of such a deterrent."  *Id.* at 273, citing *National Hockey League v. Metro Hockey Club*, 427 U.S. 639, 643 (1976).  With the trial of this matter barely two weeks away, there is no other remedy for this abuse.  Moreover, "[i]f continuances were granted as a matter of course for violations of Rule 26(e), the rule could always be disregarded with impunity." *Klonoski*, 156 F.3d at 273 (citations omitted).

4

### 2.    Officers Parcells and Jacobs

Defendants attempt to get around their failure to designate an expert on police practices by asserting now that each defendant officer will testify on the City's use-of-force reporting, use-of-force policy, etc.  Moreover, neither Officer Parcells nor Jacobs should be permitted to testify about anything regarding their "training, duties, their interaction with Plaintiff, use-of-force reporting, use-of-force policy, methods or training."  Defendants' Witness List at p. 2.  Both defendants repeatedly testified at their depositions that they have absolutely <u>no</u> recollection of this incident and so testified at their depositions.  To permit them to testify now about their interaction with Plaintiff and regarding use-of-force methods and training is to permit these officers to subvert the discovery process and, as to the use-of-force issues, testify as undesignated experts.

### 3.    Officer Adkins

Officer Adkins' testimony should be limited to what he did in booking Mr. Mayfield.  Plaintiff anticipates that Defendants will attempt to introduce Exhibit 102 through Officer Adkins.  As set forth in the following section, Officer Adkins is not competent to provide admissible testimony regarding the medical screening of Plaintiff by the doctor who signed the second page of Exhibit 102.  His testimony would be pure hearsay.

**B. Defendants' Exhibits 101 and 102 Are Not Admissible**

Defendants' Exhibit 101: This is the purported breathalyzer test.  The document states only that the test was "invalid."   Officer Bookout contends in the police report that Mr. Mayfield was asked to take a breathalyzer test several hours after his arrest and that he refused to do so.   An "invalid" test result does not prove anything and its admission would be prejudicial.

Exhibit 102 - jail medical records.  This document consists of two pages.  One

5

is a generic list of existing conditions and medications, which notes that Mr. Mayfield has asthma. The second page is signed by a doctor who is not named by Defendants on the witness list. To the extent that Defendants intend to have Officer Curtis Adkins testify about the jail procedures, including medical screening, he is not competent to testify about the contents of the medical screening by the doctor. No doubt, Defendants intend to argue that because the medical record notes only the highly visible "lip trauma," it is somehow evidence that Mr. Mayfield was not otherwise injured when he was in the City's jail. There is no witness on the list who can establish the foundation for this medical record, including when it was created, how and what the doctor asked Mr. Mayfield about his injuries, if anything.

### III. PLAINTIFF'S MEDICAL RECORDS ARE ADMISSIBLE

Defendants contend that Plaintiff's medical records are inadmissible hearsay under FRE 802 and should be excluded on that basis as well as on the ground that they are "cumulative" of his treating physician's testimony and will only "confuse" the jury with medical jargon.[2] Defendants are wrong on all counts which is why, no doubt, they cite no authority in support of their arguments.

First, it is well established that medical records are admissible pursuant to FRE 803(6) as business records regularly prepared in the course of business. Federal Rules of Evidence 803 sets out several categories of documents that are exempted from the hearsay rules regardless of the availability of the declarant to testify. FRE 803. Subsection 803(6) specifically addresses the following:

---

[2] Plaintiff will withdraw Exhibits 21 and 22 and limit his medical records evidence to those created by the emergency room where he sought treatment immediately up on his release from custody, his subsequent treatment by Dr. Collins (Forum Medical Group), and the neurological specialists at Martin Luther King Drew to whom Dr. Collins referred Plaintiff. These records cover the time period from the January 6 incident through June 2008.

Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

A document is admissible as a business record pursuant to FRE 803(6) if it is "(1) made by a regularly conducted business activity, (2) kept in the 'regular course' of that business, (3) 'the regular practice of that business to make the memorandum,' and (4) made by a person with knowledge or from information transmitted by person with knowledge." *Paddack v Dave Christensen, Inc.,* 745 F2d 1254, 1258 (9th Cir. 1984). The medical records of Plaintiff's treatment at issue here clearly meet all of these elements and are admissible.

Second, it is pure baseless speculation by Defendants that the medical records will be cumulative of Dr. Collins' testimony. It has been three years since Dr. Collins treated Mr. Mayfield. The medical records he reviewed and created in the course of his treatment may be introduced pursuant to FRE 803(5) as past recollection recorded. *See e.g., Forbis v. McGinty*, 292 F. Supp.2d 160 (D.C. Me 2003) (medical record more likely than not accurately reflected doctor's past knowledge of the patient). To the extent that any of the records contain notations concerning statements made by Plaintiff about the source of his injuries, those, too are admissible pursuant to FRE 803(5). *See Forbis*, *supra*.

### IV. THE INTERNAL AFFAIRS DOCUMENTS

From the outset of this case, Defendants have attempted to frustrate discovery, requiring Plaintiff repeatedly to seek extensions from the Court. Defendants now seek to exclude all of the documents produced under the protective order as prejudicial. Defendants failed to produce these documents for months, despite the entry of a protective order and repeated promises to provide the materials, until just days before the repeatedly rescheduled depositions of Officer Bookout and Sergeant Beckman. When they did produce them, the documents were heavily redacted. Yet, one thing is clear from reading them: several of the Defendants were ordered to undergo training on use of force shortly after this incident despite the fact that the allegations against them were held to be "non-misconduct" or the officers were otherwise exonerated.

Three of the four defendants have multiple recent complaints of improper force. These documents are not offered for the truth of the complaints against the Defendants, but rather to show that the City was on notice of a possible problem and conducted inadequate investigations. *See e.g., Harris v. City of Pagedale*, 821 F.2d 429 (8th Cir. 1987). Moreover, Plaintiff's expert intends to express the opinion at trial, as set forth in his Rule 26 report, that the failure to investigate the use-of-force in this instance evinces a fundamental failure of standard .

DATED: April 25, 2011             Respectfully submitted,

                                        LAW OFFICE OF CAROL A. SOBEL

                                        /s/
                                  By: CAROL A. SOBEL
                                     Attorney for Plaintiff

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served this date on all counsel of record via the Court's ECF system.

Dated: April 25, 2011                               /s/
                                           CAROL A. SOBEL